# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore, | **CIVIL ACTION NO. 1:24-cv-03139** |
| Plaintiff, | |
| v. | Judge: Hon. Sara L. Ellis |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, | |
| Defendants. | |

## DEFENDANT ZHONGRENSHUO CLOTHING STORE, CHANCHENG DISTRICT, FOSHAN CITY (INDIVIDUAL BUSINESS OWNER) ANSWER TO COMPLAINT

NOW COMES Defendant Zhongrenshuo Clothing Store, Chancheng District, Foshan City (individual business owner) d/b/a Zhongren childrens clothing (Defendant No.1) by and through its attorneys, The Keleher Appellate Law Group LLC, and in answer to Plaintiff's Complaint states as follows:

### INTRODUCTION

1.      Plaintiff Roadget owns the enormously popular SHEIN online fashion and lifestyle retailer. (See http://us.shein.com/.) SHEIN's affordable clothes and original designs have taken the Internet by storm—and inspired many copycats on e-commerce platforms. Defendant are online sellers operating under one or more seller aliases that are advertising, offering for sale, and selling

clothing using SHEIN's original, copyrighted works. They may be using more than one alias at a time to conceal their identities and the full scope of their operation.

ANSWER: Defendant admits that it is an online seller and denies the remaining allegations in Paragraph 1 of the Complaint.

2.     Roadget is forced to file this action to combat Defendants' infringement of its copyrighted works and to protect unknowing consumers from purchasing unauthorized products over the Internet. Roadget has been irreparably damaged by Defendants' infringement and seeks injunctive and monetary relief.

ANSWER: Paragraph 2 contains legal conclusions and argument rather than well-pled averments of fact, thus Defendant is not required to answer. Otherwise, Defendant denies.

## THE PARTIES

3.     Plaintiff Roadget Business Pte. Ltd. is a private limited company with its principal place   of business in Singapore. Roadget owns the famous SHEIN trademark and online fashion and lifestyle retailer.

ANSWER: Defendant lacks sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph 3 of Plaintiff's Complaint and thus denies them..

4.     Defendants are business entities who, upon information and belief, reside mainly in foreign jurisdictions. Defendant operate e-commerce stores under the seller aliases identified on Schedule A and/or other aliases. Defendant conduct business in the United States and, on information and belief, have sold and continue to sell products to United States consumers, including in Illinois and this judicial district.

ANSWER: Paragraph 4 contains legal conclusions and argument rather than well-pled

averments of fact, thus Defendant is not required to answer. Otherwise, Defendant denies.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the copyright laws of the United States

ANSWER: Admit.

6.      This Court has personal jurisdiction over Defendants under Rule 4(k)(2) based on their aggregate contacts with the nation because the claims against them are based on federal law (the Copyright Act) and, on information and belief, they are foreign Defendants, they have insufficient contacts to be subject to jurisdiction in the courts of any one state, and exercising jurisdiction is consistent with United States laws and the United States Constitution.

ANSWER: Deny.

7.      This Court alternatively has personal jurisdiction over Defendants because, on information and belief, Defendants target business activities toward consumers in the United States, including Illinois. Defendants sell to Illinois residents and other United States consumers by setting up and operating e-commerce stores through online platforms. Defendants offer shipping to the United States, including Illinois, and accept payments in U.S. dollars from U.S. bank accounts. On information and belief, Defendants have sold and continue to sell apparel with unauthorized copies of Roadget's copyrighted works to residents of Illinois. Defendants have wrongfully injured Roadget in the state of Illinois

ANSWER: Deny.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a). In this copyright action, venue is proper in any district in which Defendants reside or may be found,

which includes any district in which they would be subject to personal jurisdiction. See also 28 U.S.C.§ 1391(b)(3). On information and belief, Defendants are not residents of the United States, which means that they may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

ANSWER: Deny.


## BACKGROUND

9.    Roadget is a private limited company registered in Singapore. Its SHEIN trademarks are used to sell a wide variety of products worldwide. In the United States, Roadget's affiliate and licensee, Shein Distribution Corporation ("SDC"), sells apparel, beauty products, home goods, pet supplies, and a variety of other products through Roadget's mobile application and its website, https://us.shein.com.

ANSWER: Defendant lacks sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph 9 of Plaintiff's Complaint and thus denies them.

10.    The SHEIN brand has skyrocketed in popularity over the last several years, becoming   one of the most visited fashion sites in the world and most talked-about brands on TikTok and other social media

ANSWER: Defendant lacks sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph 10 of Plaintiff's Complaint and thus denies them.

11.    SHEIN was an early adopter of social media marketing. The SHEIN app became the most downloaded shopping app on Apple's App Store in 2021. The following year, it attained the top spot as the most downloaded application in any category, out performing both TikTok and Instagram. In addition to its total of over 60 million followers on social media, it became the most

talked-about brand on TikTok in 2022. Social media influencers' "SHEIN haul" videos displaying their purchases regularly go viral.

ANSWER: Defendant lacks sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph 11 of Plaintiff's Complaint and thus denies them.

12.     Through the SHEIN brand, Roadget has invested significant resources in building goodwill and brand recognition on social media. It has made a name among regular shoppers. And it has registered various copyrights to protect its original designs and photographs.

ANSWER: Defendant lacks sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph 12 of Plaintiff's Complaint and thus denies them.

13.     Roadget is the registered owner of the two copyrighted designs and nineteen copyrighted photographs at issue here (the Roadget Copyrights). The registration certificates are attached as Exhibits 1 through 21. As reflected on those certificates, Roadget is the copyright owner, and the copyrights are valid and enforceable. Information about the Roadget Copyrights is provided in the following table.

ANSWER: Paragraph 13 contains legal conclusions and argument rather than well-pled averments of fact, thus Defendant is not required to answer. Otherwise, Defendant denies these allegations.

14.     Each of the Roadget Copyrights is included in product listings on the SHEIN website and/or app. An exemplary SHEIN product listing for each design or photograph is provided in the following table.

ANSWER: Paragraph 14 contains legal conclusions and argument rather than well-pled averments of fact, thus Defendant is not required to answer. Otherwise, Defendant denies these allegations.

**Defendants' Unlawful Conduct**

15.     Defendants are online sellers on the e-commerce platform Temu. Defendants have deliberately and unlawfully copied, displayed, and sold various apparel bearing images virtually identical to the Roadget Copyrights, or using photographs identical to the Roadget Copyrights. The success of the SHEIN brand inspires many copycats. Roadget regularly finds sellers on e-commerce platforms selling goods bearing infringing copies of the Roadget Copyrights. Defendants are among such sellers.

ANSWER: Defendant admits that it is an online seller on the e-commerce platform Temu and denies the remaining allegations contained in Paragraph 15.

16.     Defendants knowingly and willfully manufacture, offer for sale, and/or sell apparel bearing the Roadget Copyrights in the United States without authorization. Defendants' conduct infringes Roadget's copyright and irreparably harms Roadget.

ANSWER: Deny.

## COUNT I

Copyright Infringement (17 U.S.C. §§ 106 and 501) Against Schedule A Defendants

17.     Roadget incorporates each of the preceding paragraphs as if fully set forth herein

ANSWER: Defendant incorporates its answers to Paragraph 1-16, inclusive.

18.     The Roadget Copyrights are original works and are copyrightable subject matter under 17 U.S.C. § 101 *et seq.*

ANSWER: Paragraph 18 contains legal conclusions and argument rather than well-pled averments of fact, thus Defendant is not required to answer. Otherwise, Defendant denies.

19.     Roadget's copyright registrations for the Roadget Copyrights are valid and in full force and effect. At all relevant times, Roadget has owned and still owns all exclusive rights in the Roadget Copyrights, including the right to reproduce, to prepare derivative works, and to distribute copies.

ANSWER: Paragraph 19 contains legal conclusions and argument rather than well-pled averments of fact, thus Defendant is not required to answer. Otherwise, Defendant denies.

20.     Roadget has never assigned or licensed the rights to the Roadget Copyrights to any party unaffiliated with Roadget itself. In particular, Roadget has never granted any license or rights in the Roadget Copyrights to Defendants.

ANSWER: Defendant lacks sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph 20 of Plaintiff's Complaint and thus denies them.

21.     Defendants have deliberately and unlawfully copied, manufactured, displayed, reproduced, created derivative works of, adapted, marketed, sold, and/or distributed the Roadget Copyrights in violation of Roadget's copyrights.

ANSWER: Deny.

22.     Defendants had access to the Roadget Copyrights via the Internet. The designs appear on SHEIN-branded clothing that SDC (a Roadget-affiliated company) sells online, and the photographs are used to sell SHEIN products.

ANSWER: Deny.

23.     As to the two copyrighted designs, Defendants' clothing designs are at least substantially similar, and in many cases virtually identical, to the Roadget Copyrights. Examples are provided below of the two designs copyrighted by Roadget presented side-by-side with an

infringing product of a Defendant listed in Schedule A. Additionally, Defendants have copied nineteen copyrighted photographs exactly or nearly exactly.

ANSWER: Deny.

24.     The side-by-side comparisons above demonstrate the deliberate copying that Defendants have engaged in to take advantage of Roadget's intellectual property in pursuit of Defendants' own sales. By virtually exactly copying photographs and designs they knew they did not own, Defendants recklessly disregarded Roadget's rights as the copyright owner. Defendants' actions thus constitute willful copyright infringement in violation of 17 U.S.C. §§ 106, 501(a) and 504(c)(2).

ANSWER: Deny.

25.     Defendants reap the benefit of their unauthorized copying in the form of revenue and other profits from the sale of clothing using the copied designs and photographs.

ANSWER: Deny.

26.     Pursuant to 17 U.S.C. § 504, Roadget is entitled to actual damages and any additional profits attributable to Defendants' acts in an amount to be determined at trial, as well as statutory damages, enhanced for Defendants' willful infringement.

ANSWER: Deny.

27.     Defendants have caused, and if not enjoined will continue to cause, Roadget irreparable injury for which there is no adequate remedy at law.

ANSWER: Deny.

## **PRAYER FOR RELIEF**

Roadget prays for the following relief:

1. Judgment in favor of Roadget.

2. Preliminary and permanent injunctive relief restraining Defendants and Defendants' officers, agent, servants, employees, attorneys, and all persons in active concert and/or participation with any of them from:

   a. reproducing, distributing copies of, making derivative works of, or publicly displaying the Roadget Copyrights in any manner without Roadget's express authorization;

   b. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or disposing of, in any manner, products or inventory not manufactured by or for Roadget which bear the Roadget Copyrights.

3. Entry of an Order that, upon Roadget's request, those with notice of the injunction shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods which bear the Roadget Copyrights.

4. Compensatory damages, as well as disgorgement of Defendants' profits.

5. Alternatively, Roadget prays for the maximum amount of statutory damages provided by law, $150,000 per work infringed, pursuant to 17 U.S.C. § 504(c).

6. Pre-and post-judgment interest and attorney's fees and costs.

7. All other and further relief as is just, equitable, and proper.

ANSWER: Defendant denies that Plaintiff is entitled to any relief on its Complaint.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury as to all issues so triable.


Dated: June 18, 2024                                Respectfully submitted,

                                                    s/ Christopher Keleher
                                                    Christopher Keleher
                                                    The Keleher Appellate Law Group, LLC
                                                    1 East Erie St., Suite 525
                                                    Chicago, IL 60611
                                                    312-448-8491
                                                    ckeleher@appellatelawgroup.com

                                                    Lan Li
                                                    Anchor Law LLC
                                                    1 E Erie St, Suite 525
                                                    Chicago, IL 60611
                                                    (312) 718-6573
                                                    lan.li@anchorlawllc.com