**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>        Plaintiff,<br><br>  v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>        Defendants. | Case No.: 1:24-cv-03139<br><br>Judge: Hon. Sara L. Ellis |

## ROADGET'S RESPONSE TO CERTAIN DEFENDANTS' MOTION TO DISMISS

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................. 1

LEGAL STANDARDS ....................................................................................................... 2

ARGUMENT ...................................................................................................................... 3

      I.       This Court Has Personal Jurisdiction over Defendant 2. ....................................... 3

      II.     Roadget Has Sufficiently Alleged an Entitlement to Statutory Damages and Attorneys' Fees Against All Defendants............................................................. 4

      III.    Roadget Has Alleged Facts Sufficient to Establish Willfulness, Justifying Its Claim for Enhanced Damages. ........................................................................... 7

      IV.    Joinder of Defendants is Proper Under Rule 20(a), Whereas Severance Would Cause Undue Expense and Delay. ................................................................ 8

      V.     The Court Should Not Increase the Bond Amount. ................................................ 9

      VI.    If the Court Finds That Joinder Is Not Appropriate, Roadget Asks That the Court Sever the Claims. ........................................................................................ 10

CONCLUSION................................................................................................................. 11

i

## TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page(s)**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................... 2, 5

*Aspen Mktg. Servs., Inc. v. Russell*,
    No. 09 C 2864, 2009 WL 4674061 (N. D. Ill. Dec. 3, 2009) ..................................... 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................ 2

*Bontkowski v. Smith*,
    305 F.3d 757 (7th Cir. 2002) ........................................................................................ 7, 8

*Estée Lauder Cosmetics Ltd. v. P'ships & Unincorporated Ass'ns. Identified on*
    *Schedule A*,
    334 F.R.D. 182 (N.D. Ill. 2020) ..................................................................................... 9

*Fletcher v. P'ships & Unincorporated Ass'ns Identified on Schedule A*,
    No. 1:23-cv-14961 (N.D. Ill. Nov. 1, 2023) ............................................................... 9

*Gateway E. Ry. Co. v. Terminal R.R. Ass'n*,
    35 F.3d 1134 (7th Cir. 1994) ......................................................................................... 9

*Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*,
    128 F.3d 1074 (7th Cir. 1997) ....................................................................................... 3

*Geneva Assur. Syndicate, Inc. v. Med. Emergency Servs. Assocs. (MESA) S.C.*,
    No. 92-cv-1652, 1992 WL 92034 (N.D. Ill. Apr. 29, 1992) ................................... 9

*Gociman v. Loyola Univ. Chi.*,
    41 F.4th 873 (7th Cir. 2022), *reh'g denied*, 2022 WL 16954353 (7th Cir. Nov.
    15, 2022) ................................................................................................................................ 2

*ISI Int'l, Inc. v. Borden Ladner Gervais LLP*,
    256 F.3d 548 (7th Cir. 2001) ......................................................................................... 4

*Jumpfly, Inc. v. Torling*,
    No. 10 C 0385, 2010 WL 1978732 (N.D. Ill. May 17, 2010) .............................. 3, 6

*Kap Holdings LLC v. Mar-Cone Appliance Parts Co.*,
    55 F.4th 517 (7th Cir. 2022) ........................................................................................... 5

*Lanard Toys Ltd. v. Novelty, Inc.*,
    375 F. App'x 705 (9th Cir. 2010) ................................................................................. 8

*Mansoori v. Patel*,
No. 17-cv-08846, 2022 WL 683667 (N.D. Ill. Mar. 8, 2022) .................................................11

*Nextpulse, LLC v. Life Fitness, LLC*,
No. 22-cv-03239, 2024 WL 1376213 (N.D. Ill. Mar. 31 2024) ...........................................5

*Pink Floyd (1987) Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*,
No. 21-cv-04406, 2021 WL 7179622 (N.D. Ill. Oct. 21, 2021) ...........................................11

*Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*,
338 F.3d 773 (7th Cir. 2003) ...........................................................................................2, 3

*Roadget Bus. Pte. Ltd. v. Schedule A*,
No. 23-cv-00115 (N.D. Ill. May 30, 2024) .......................................................................11

*Roadget Bus. Pte. Ltd. v. Schedule A*,
No. 23-cv-00607 (N.D. Ill. Jul. 7, 2024 ..............................................................................4

*Roadget Bus. Pte. Ltd. v. Schedule A*,
No. 23-cv-17036, 2024 WL 1858592 (N.D. Ill. Apr. 29, 2024)..........................................10

*Scherr v. Volpe*,
466 F.2d 1027 (7th Cir. 1972) .............................................................................................9

*Seven Oaks Millwork, Inc. v. Royal Foam US, LLC*,
19 C 6234, 2019 WL 6827641 (N.D. Ill. Dec. 13, 2019) .....................................................2

*Southall v. Force Partners, LLC*,
No. 1:20-cv-03223, 2021 WL 3883082 (N.D. Ill. Aug. 31, 2021) ........................................7

*Symbria, Inc. v. Callen*,
No. 20-cv-4084, 2022 WL 60530 (N.D. Ill. Jan. 6, 2022).....................................................6

*Ty, Inc. v. Publications Int'l Ltd.*,
292 F.3d 512 (7th Cir. 2002) ...............................................................................................10

*Wildlife Express Corp. v. Carol Wright Sales, Inc.*,
18 F.3d 502 (7th Cir. 1994) ...................................................................................................8

*Windy City Mktg., Inc. v. Places Advert., Inc.*,
No. 07 C 6401, 2009 WL 10676070 (N.D. Ill. June 5, 2009) ...........................................6, 7

**Statutes**

17 U.S.C. § 412(2) ...................................................................................................................5

17 U.S.C. § 504(c) ...........................................................................................................6, 7, 8

**Other Authorities**

Fed. R. Civ. P. 4(k)(2)................................................................................................4

Fed. R. Civ. P. 8(a)(3)................................................................................................7

Fed. R. Civ. P. 12(b)(2)..............................................................................................2

Fed. R. Civ. P. 12(b)(6)...........................................................................................2, 7

Fed. R. Civ. P. 12(d)..............................................................................................3, 6

Fed. R. Civ. P. 12(f)............................................................................................3, 6, 7

Fed. R. Civ. P. 20.....................................................................................................10

Fed. R. Civ. P. 20(a)............................................................................................8, 9

Fed. R. Civ. P. 20(a)(2)............................................................................................9

## INTRODUCTION

The arguments that Defendants raise in their Dkt. 88 Motion to Dismiss mirror the Dkt. 58 Motion that is already under the Court's consideration. Defendants' brief offers redundant and substantively identical arguments to that motion. Accordingly, Plaintiff Roadget Business PTE Ltd. ("Roadget") incorporates by reference its Response to the Dkt. 58 Motion to reduce the burden on the Court, and narrowly focuses this response brief on Defendants' additional arguments.

This is a copyright infringement case. Defendants are online sellers who have not disputed that they copied Roadget's copyrighted designs and photographs (collectively, "Roadget's Copyrights"). Instead, they have filed a motion to dismiss that raises a variety of arguments that have little or nothing to do with the sufficiency of Roadget's Complaint. Those arguments lack merit and this motion should be denied.

## BACKGROUND

Plaintiff Roadget owns the popular online fashion and lifestyle retailer SHEIN, the most downloaded application on Apple's App Store in 2022. Dkt. 10 ¶¶ 1, 10. It has registered various copyrights to protect its original designs and photographs. *Id.* ¶ 12. Roadget owns all of the asserted copyrights, as evidenced by the copyright registration certificates attached to the Complaint. *See* Dkts. 10-1 through 10-21, Exs. 1–21.

Defendants[1] are foreign online sellers on e-commerce websites, operating behind aliases, who have infringed Roadget's registered copyrights. *See* Dkt. 10 ¶¶ 1, 3. They have copied and displayed Roadget's registered photographs and put Roadget's registered designs on clothing offered for sale to United States consumers. *See id.* ¶¶ 14–16.

Roadget discovered Defendants' infringement, initiated this action, and moved for a

---

[1] Throughout this Response, the term "Defendants" is used to refer only to the three Defendants who filed the instant motion: Defendants 2, 6, and 8.

Temporary Restraining Order ("TRO"). This Court granted the TRO, enjoined Defendants' infringement, authorized service of process by email, and froze Defendants' assets. Dkts. 18, 20. This Court then converted the TRO into a preliminary injunction. Dkt. 36. Defendants now move to strike Roadget's requests for enhanced statutory damages, statutory damages, and attorneys' fees. Defendant 2 has now moved to dismiss the Complaint for lack of personal jurisdiction under Rule 12(b)(2), and the remaining Defendants move to dismiss or alternatively sever Roadget's claims into separate actions.

## LEGAL STANDARDS

To defeat a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, a plaintiff need only make out a *prima facie* case, in the absence of an evidentiary hearing. *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Facts alleged in the complaint are taken as true unless the defendants submit affidavits challenging the alleged facts. *Seven Oaks Millwork, Inc. v. Royal Foam US, LLC*, 19 C 6234, 2019 WL 6827641, at *1-2 (N.D. Ill. Dec. 13, 2019) ("For this order, the Court accepts as true the following facts from the complaint."). When defendants submit affidavits to challenge facts in the complaint, facts in the affidavits that are contradicted by the plaintiff's evidence are resolved in the plaintiff's favor. *See Purdue Rsch. Found.,* 338 F.3d at 782.

To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The bar to survive a motion to dismiss is not high." *Gociman v. Loyola Univ. Chi.*, 41 F.4th 873, 881 (7th Cir. 2022), *reh'g denied*, 2022 WL 16954353 (7th Cir. Nov. 15, 2022). The Complaint's allegations are "accepted as true," and matters beyond the pleadings, including evidence presented by the moving party, are generally not considered unless they are of public record. *Ashcroft*, 556

U.S. at 678; *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997); Fed. R. Civ. P. 12(d) (requiring that a 12(b)(6) motion be treated as a motion for summary judgment if matters beyond the pleadings are considered).

Defendants alternatively seek to strike matter from the Complaint, though they do not reference the standard for striking matter from a pleading. A motion to strike under Rule 12(f) asks the court to strike from a pleading an "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). If a requested relief is provided for by law, "a defendant's motion to strike a prayer for relief is premature." *Jumpfly, Inc. v. Torling*, No. 10 C 0385, 2010 WL 1978732, at *1, *7 (N.D. Ill. May 17, 2010); *Aspen Mktg. Servs., Inc. v. Russell*, No. 09 C 2864, 2009 WL 4674061, at *1, *2 (N. D. Ill. Dec. 3, 2009).

## ARGUMENT

### I. This Court Has Personal Jurisdiction over Defendant 2.

When Roadget filed this case, Roadget did not know for sure who Defendants were, where they were located, and where they had made sales. Defendants were online sellers of infringing goods, using aliases to obscure their identity, and Roadget brought this case to stop that infringement and disgorge any ill-gotten profits. But Roadget believed—including because Defendants stood willing and able to deliver infringing goods to Illinois—that Defendants had made sales in Illinois, and on that basis alleged as much. Dkt. 10 ¶¶ 6-7. And it turns out Roadget was undisputedly right as to most Defendants: only *three* Defendants in this suit have contested personal jurisdiction at all.

For Defendant 2, Roadget need only make out a *prima facie* case to defeat a motion to dismiss for lack of personal jurisdiction, in the absence of an evidentiary hearing. *Purdue Rsch. Found.*, 338 F.3d at 782. In evaluating the *prima facie* case, all disputes concerning relevant facts are resolved in the plaintiff's favor. *Id.*

3

Alternatively, this Court can also exercise person jurisdiction over Defendant 2 under Rule 4(k)(2), which allows federal courts to exercise jurisdiction over foreign defendants who have minimum contacts with the nation as a whole, even though they may lack sufficient contacts with any one state to be sued there. *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001). In its earlier response, Roadget clearly demonstrates that all four elements required under Rule 4(k)(2) are satisfied by all Defendants. Dkt. 103 at 3–5. Notably, Judge Jenkins recently addressed this issue in connection with similarly situated defendants in another suit where Roadget combats this widespread infringement, holding that the same conduct as at issue here met the requisite threshold to establish personal jurisdiction. *See Roadget Bus. Pte. Ltd. v. Schedule A,* No. 23-cv-00607, Dkt. 131 at 2–11. The Court should find Judge Jenkins' reasoning persuasive and similarly hold that it has personal jurisdiction over Defendant 2 and the other Defendants challenging personal jurisdiction in the Dkt. 58 Motion.

## II. Roadget Has Sufficiently Alleged an Entitlement to Statutory Damages and Attorneys' Fees Against All Defendants.

Defendants ask the Court to either dismiss or strike Roadget's request for statutory damages and attorneys' fees. Whether construed as a motion to strike or a motion to dismiss, the motion should be denied, because it effectively asks the Court to decide this issue on the merits without the benefit of discovery, which is necessary to a proper determination of this issue. Roadget should be given the opportunity to test Defendants' assertions by obtaining evidence from them through the usual tools of discovery, and should then be allowed to put forth evidence as to when the infringement began. This issue turns on a question of fact that has not yet been explored, let alone resolved. At best, Defendants' request to strike this requested relief from the complaint is premature.

Indeed, Roadget has sufficiently alleged an entitlement to statutory damages. At the motion

to dismiss stage, the Complaint's allegations are "accepted as true," and no evidence is required. *Ashcroft*, 556 U.S. at 678. A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id*. All reasonable inferences must be drawn in favor of the plaintiff. *Kap Holdings LLC v. Mar-Cone Appliance Parts Co*., 55 F.4th 517, 523 (7th Cir. 2022). Defendants' motion asks the court to turn this standard on its head and draw reasonable inferences against Roadget, or strike the claims while there are unresolved issues of fact. Roadget has made sufficient factual allegations to draw a reasonable inference that the Defendants are liable for statutory damages and attorneys' fees, and therefore, dismissal of this requested relief is not appropriate.

Roadget is entitled to statutory damages and attorneys' fees if Defendants' infringement began after the effective date of Roadget's copyrights. 17 U.S.C. § 412(2). Roadget alleged that Defendants "knowingly and willfully manufacture, offer for sale, and/or sell apparel bearing the Roadget Copyrights." Dkt. 10 at ¶ 16. Roadget alleged that each copyright had registration effective dates in April 2024, with the exceptions of VA 2-390-151 and VA 2-390-153, which both have a much earlier effective date of September 8, 2023. Dkt. 8 at ¶ 13. Roadget alleged that the Defendants knowingly and willfully infringed these copyrights. Dkt. 10 at ¶ 16. Roadget then further alleged that it is entitled to statutory damages. Dkt. 8 at ¶ 26. These allegations are sufficient to draw a reasonable inference that Roadget is entitled to statutory damages. To infer otherwise as Defendants wish would be to draw a reasonable inference in favor of the Defendants, which is the opposite of the standard. Dkt. 89 at 5. *Nextpulse, LLC v. Life Fitness, LLC,* No. 22-cv-03239, 2024 WL 1376213, at *1, *4 (N.D. Ill. Mar. 31 2024) (holding that the plaintiff has sufficiently alleged an entitlement to statutory damages where it alleged ongoing willful infringement).

The case law that Defendants rely on does not apply here. In *Symbria*, the court did not dismiss the plaintiff's request for statutory damages and fees because the plaintiff failed to allege an entitlement to them in the complaint, but rather because, at that point in that case, there had been sufficient discovery to determine the date on which the infringement commenced. *Symbria, Inc. v. Callen*, No. 20-cv-4084, 2022 WL 60530, at *15 (N.D. Ill. Jan. 6, 2022) ("Symbria acknowledges it registered its copyrights . . . well after the alleged infringement commenced . . .") That is not the case here; Roadget has alleged facts sufficient to show that it is plausible that Roadget is entitled to statutory damages, and Defendants have submitted no evidence sufficient to contradict a reasonable inference that infringement began after the copyrights were registered and before the case was filed. Defendants assert in their declarations the date on which the infringing products were posted. Dkt. 89-1 at 6, 13, 20. Again, they provide no supporting documentation or other evidence beyond their own affirmation to prove these dates, but even if they did, at the motion to dismiss stage, courts cannot consider matters outside the pleadings without converting the motion into a motion for summary judgment. Fed. R. Civ. P. 12(d). In cases where the timing of infringement is not yet known, courts in this district have declined to strike requests for attorneys' fees and statutory damages. *See, e.g., Windy City Mktg., Inc. v. Places Advert., Inc.*, No. 07 C 6401, 2009 WL 10676070, at *1, *3 (N.D. Ill. June 5, 2009) (finding that striking the plaintiff's request for statutory damages was "premature" because the timing of infringement was not yet established).

If the Court construes the Defendants' motion as a motion to strike under Rule 12(f), their Motion still fails. Statutory damages and attorneys' fees are explicitly available under 17 U.S.C. § 504(c), and therefore, striking Roadget's request for that relief is premature. *See Jumpfly, Inc.*, 2010 WL 1978732, at *7. Again, the availability of this remedy turns on an unresolved issue of

fact, and therefore, it would be inappropriate to strike it under Rule 12(f). *See, e.g., Windy City Mktg., Inc.*, 2009 WL 10676070, at *3.

Even if Roadget's allegations were not sufficient to support a particular form of relief sought, that "would not justify dismissal of the suit" as Defendants request. *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002). As the Seventh Circuit has explained, the "demand for judgment for the relief the pleader seeks" required by Rule 8(a)(3) is "*not* itself a part of the plaintiff's claim," and thus "failure to specify relief to which the plaintiff was entitled would not warrant dismissal under Rule 12(b)(6)." *Id.* (emphasis added) (citation omitted).[2] The principle from *Bontkowski* that a challenge to relief is not directed at a "claim" for purposes of a Rule 12(b)(6) motion applies to Defendants' arguments based on the timing of Roadget's registration of certain copyrights. Whether the infringement of each copyright by each Defendant began before the effective dates of Roadget's registrations is a factual question going to the scope of relief, to be resolved after discovery.

### III. Roadget Has Alleged Facts Sufficient to Establish Willfulness, Justifying Its Claim for Enhanced Damages.

Roadget's Complaint seeks, among other things, statutory damages, which can and should be enhanced here because Defendants' infringement is willful. *See* 17 U.S.C. § 504(c)(2) (permitting statutory damages of up to $150,000 per work upon a finding of willfulness). And Roadget's allegations are more than sufficient to establish willfulness. Defendants' copies of the Roadget Copyrights are not accidental approximations of the works, nor are they vaguely similar-looking. They are virtually identical across the board. *See* Dkt. 10 at ¶ 15 ("Defendants have deliberately and unlawfully copied, displayed, and sold various apparel bearing images virtually

---

[2] Defendants rely on *Southall v. Force Partners, LLC*, No. 1:20-cv-03223, 2021 WL 3883082 (N.D. Ill. Aug. 31, 2021), to suggest that forms of relief are proper targets of a Rule 12(b)(6) motion, *see* Dkt. 89 at 4, but *Southall* is inconsistent with *Bontkowski* and relies on out-of-circuit authority.

identical to the Roadget Copyrights."). Infringement is willful if the infringer knows its conduct is infringement or "has acted in *reckless disregard* of the copyright owner's right." *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511–12 (7th Cir. 1994) (emphasis added) (citation omitted). A finding of willful infringement does not require that the plaintiff provide notice of the copyright to the infringer—it does not even require knowledge of the copyright; reckless disregard is willful.

Roadget's allegations, taken as true at this stage, readily support the conclusion that Defendants knowingly copied, displayed, and misused Roadget's Copyrighted photos and designs. On this record and at this stage, Defendants have, at a minimum, recklessly disregarded the rights of the owner of the copyrights, and their infringement is willful. *Cf., e.g.*, *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 711 (9th Cir. 2010) (relying on "exactitude" of copying to support finding of willful copyright infringement). And willfulness supports Roadget's claim for enhanced damages.

Defendants' assertions that Roadget has failed to allege a claim for willfulness are again misplaced under *Bontkowski*. Even if Roadget's allegations did not support willfulness, it would be inappropriate to dismiss the suit on this basis. *Bontkowski*, 305 F.3d at 762. This is true as to both enhanced damages and exemplary damages, but, in any event, the prayer for exemplary damages should be construed as a prayer for enhanced damages for willfulness under 17 U.S.C. § 504(c)(2), which is akin to a punitive measure.

## IV. Joinder of Defendants is Proper Under Rule 20(a), Whereas Severance Would Cause Undue Expense and Delay.

Defendants are properly joined in this action because Roadget asserts a right to relief against them severally with respect to the same series of occurrences, and there are questions of law and fact common to all Defendants.

Permissive joinder of defendants is allowed when the plaintiff asserts any right to relief against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences and where there is any question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2). In assessing whether the requirements of Rule 20(a) are met, the court must accept the factual allegations in the plaintiff's complaint as true. *Estée Lauder Cosmetics Ltd. v. P'ships & Unincorporated Ass'ns. Identified on Schedule A,* 334 F.R.D. 182, 185 (N.D. Ill. 2020).

These Defendants raise nearly identical arguments as those who joined the previous motion to dismiss. In an effort to avoid duplicative briefing and preserve judicial resources, Roadget incorporates its previous response demonstrating that Roadget's claims arise out of the same series of transactions or occurrences, the claims against all Defendants involve common issues of law or fact, and accordingly, joinder of these Defendants is proper. Dkt. 103 at 6–12.

## V. The Court Should Not Increase the Bond Amount.

Should the Court sever Roadget's claims, Defendants ask the Court to drastically increase the bond requirement to an amount that greatly exceeds any prospective harm to Defendants. This request serves no other purpose than to deter Roadget from enforcing its copyrights against these infringing Defendants. The amount of a bond upon issuing a TRO or preliminary injunction is committed to the Court's sound discretion. *Gateway E. Ry. Co. v. Terminal R.R. Ass'n*, 35 F.3d 1134, 1141 (7th Cir. 1994). A strong likelihood of success is a "major factor" weighing heavily in favor of waiving or reducing the bond requirement. *Scherr v. Volpe*, 466 F.2d 1027, 1035 (7th Cir. 1972); *Geneva Assur. Syndicate, Inc. v. Med. Emergency Servs. Assocs. (MESA) S.C.*, No. 92-cv-1652, 1992 WL 92034 (N.D. Ill. Apr. 29, 1992). Roadget submitted a $10,000 bond for Defendants, the common amount in "Schedule A" cases against many defendants. *See, e.g., Fletcher v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 1:23-cv-14961 (N.D.

Ill. Nov. 1, 2023) (unpublished) ($10,000 bond). Since the purpose of the bond requirement is to compensate the defendant in the event of wrongful restraint, *Ty, Inc. v. Publications Int'l Ltd.*, 292 F.3d 512, 516 (7th Cir. 2002), the amount of the bond should scale down with the number of defendants. Defendants' request is unprecedented in Schedule A cases and should the Court find that an adjustment is needed, Roadget asks for the Court to consider the reasonable alternatives used in this district to protect defendants.[3]

## VI.     If the Court Finds That Joinder Is Not Appropriate, Roadget Asks That the Court Sever the Claims.

Although this Court should find that joinder is proper under Rule 20 and beneficial for reasons of judicial economy, if the Court finds that joinder is not appropriate, Roadget urges the Court to *sever* the claims into separate actions, rather than dismiss the claims (as courts sometimes do). If these Defendants are dismissed, it will disrupt the injunctive relief that this Court already ruled was necessary to protect Roadget. Dkt. 37. As Roadget argued, and this Court agreed, Roadget will suffer irreparable harm without injunctive relief freezing the Defendants' assets. The Defendants, who are now aware of the action, need only empty their bank accounts upon dismissal for joinder to effectively deprive Roadget of any possibility of recovering against them. The Defendants rely heavily on another case brought by Roadget, *Roadget Bus. Pte. Ltd. v. Schedule A,* No. 23-cv-17036, 2024 WL 1858592 (N.D. Ill. Apr. 29, 2024), in which the court dismissed without prejudice all but one defendant. As a result, the asset freezes against those defendants were lifted, and now, even if Roadget is able to obtain another temporary restraining order against them, it is likely that their funds have been dissipated.

---

[3] Judge Thomas M. Durkin of this District, for example, requires a bond of $1,000 per defendant in counterfeit product cases. *See* https://www.ilnd.uscourts.gov/judge-info.aspx?HztO2ip/uh7HVAKHYpZ4iA==.

Instead, in the event the Court finds misjoinder—which it should not do, based on the arguments set forth above that have not been fully presented in any prior case—this Court should follow the approach adopted by Judge Bucklo, and sever the Defendants into separate actions. In another copyright infringement case by Roadget against Temu sellers, Judge Bucklo opted to sever parties that she found to be misjoined, noting that "[s]everance is the better course here because dismissal would lift the TRO and open the possibility that the affected defendants would move the funds subject to the asset freeze out of plaintiff's reach." Mem. and Order, Dkt. 84 in 1:24-cv-00115 (N.D. Ill.) (citing *Mansoori v. Patel*, No. 17-cv-08846, 2022 WL 683667, at *2 (N.D. Ill. Mar. 8, 2022)). The same is true here. Roadget will likely be prejudiced to the point of being unable to obtain relief from the Defendants if they are dismissed, rather than severed—indeed, Defendants are likely counting on it. The Defendants should not be allowed to manipulate the rules of procedure to obtain a dismissal that practically prevents Roadget from pursuing its claims, where severance would be more than sufficient to protect the Defendants from any prejudice that they may face.[4]

Accordingly, if the Court finds that joinder is not appropriate, Roadget respectfully submits the only way to avoid continued irreparable harm to Roadget would be to *sever* the claims, rather than dismiss them.

## CONCLUSION

Roadget respectfully requests that this Court deny Defendants' Motion to Dismiss.

---

[4] There are a number of Defendants who are not joined in this motion. Roadget again requests that, should this Court find that joinder is not appropriate as to any of the moving Defendants, that it nonetheless retain joinder as to the non-moving Defendants. The non-moving Defendants have not appeared in this action, and therefore have not been prejudiced by joinder. *See Roadget Bus. Pte. Ltd. v. Schedule A*, No. 24-cv-00115, Dkt. 84 at 10 n.5 (N.D. Ill. May 30, 2024); *see Pink Floyd (1987) Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-cv-04406, 2021 WL 7179622, at *1 (N.D. Ill. Oct. 21, 2021) (finding severance inappropriate because defendants had not appeared).

Dated: July 16, 2024

Respectfully submitted,

*/s/ Steven J. Horowitz*
Steven J. Horowitz
Matthew D. Binder
Deepa A. Chari
Taylor J. Wilson
Michael C. Springer-Ingram
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
shorowitz@sidley.com
mbinder@sidley.com
dchari@sidley.com
taylor.wilson@sidley.com
mspringeringram@sidley.com

*Counsel for Plaintiff Roadget Business Pte. Ltd.*