# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore, <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO <br><br> Defendants. | CIVIL ACTION NO. 1:24-cv-3139 <br><br> Judge: Hon. Sara L. Ellis |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES 12(B)(2) AND 12(B)(6), OR, ALTERNATIVELY, TO SEVER**

I.   **Defendant No. 2 Must Be Dismissed for Lack of Personal Jurisdiction.**

This Court has previously addressed, and rejected, Roadget's arguments attempting to expand personal jurisdiction to include an online-merchant defendant without accused sales in Illinois (*see* ECF No. 89 at 2-3) who has also consented to jurisdiction in an alternative forum, precluding the applicability of Rule 4(k)(2) (*see id.* at 3-4). *Roadget Bus. Pte. Ltd. v. Schedule A*, No. 23 C 17036, 2024 WL 1858592 at *3-4 (J. Ellis) (N.D. Ill. Apr. 29, 2024) (specific personal jurisdiction: "Without any evidence of a connection to Illinois,… the Court cannot exercise specific personal jurisdiction over…Defendants"; Rule 4(k)(2): "simply identifying another state is sufficient [to preclude use of Rule 4(k)(2)] because doing so amounts to waiver of personal jurisdiction in that state.") (internal cites omitted). Roadget's Response completely ignores *this* Court's prior decision on materially-identical facts in a related Schedule A case.[1]

For these reasons, as well as those set forth in Defendant No. 2's Opening Memorandum (ECF No. 89) and in this Court's decision in No. 23-cv-17036 (2024 WL 1858592), Defendant No. 2 should be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2).

II.  **Roadget's Joinder Is Improper, Warranting Dismissal or Severance.**

This Court has also previously addressed, and rejected, Roadget's arguments attempting to circumvent Rule 20's prohibition against joining unrelated defendants for disparate copyright

---

[1] Defendant No. 2 respectfully disagrees with the recent decision by Judge Jenkins in No. 24-cv-607, as inconsistent with case law in this District and at the Seventh Circuit. *See, e.g.*, ECF No. 89 at 3 (citing cases); 2024 WL 1858592 at *3-4. The Seventh Circuit requires (1) purposeful availment, (2) relatedness, and (3) fairness before a court may exercise specific personal jurisdiction over a defendant. *See Rogers v. City of Hobart, Indiana*, 996 F.3d 812, 819 (7th Cir. 2021). The "relatedness" requirement for jurisdiction hinges solely on direct sales of the specific product by a defendant within the forum state – product sales in general are insufficient. *See Viahart LLC v. Schedule A*, No. 19 CV 8181, 2022 WL 1004412 (N.D. Ill. Apr. 4, 2022) (personal jurisdiction lacking due to absence of evidence showing sales of alleged infringing products; sales of unrelated items were deemed irrelevant for jurisdictional purposes); *Lishman v. Air & Liquid Sys. Corp.*, No. 21-CV-001570, 2022 WL 1085163 (N.D. Ill. Apr. 11, 2022) (despite other "regularly occurring" sales, personal jurisdiction not established where sales were not for product at issue in case).

infringement claims. *Roadget Bus. Pte. Ltd.*, No. 23 C 17036, 2024 WL 1858592 at *6-7 (dismissing without prejudice all but Defendant No. 1 when there were 31 defendants and 8 asserted copyrights, "finding that Roadget's claims against [the Moving Defendants] do not arise from the same transaction, occurrence, or series of transactions or occurrences.")

Nothing in Roadget's Response to Defendants' instant Motion (*see* ECF No. 110) or its Response to the like motion made by other defendants in this action (*see* ECF No. 103) supports a result contrary to this Court's decision in No. 23-cv-17036 (*see* 2024 WL 1858592). In the interest of avoiding duplicative briefing, Defendants hereby incorporate the arguments of their co-defendants from their Reply Brief, found at ECF No. 111.

For these reasons, as well as those set forth in ECF Nos. 89 and 111 and in this Court's decision in No. 23-cv-17036 (2024 WL 1858592), Defendants respectfully request dismissal of all but the first-named defendant or, alternatively, that Roadget's claims against Defendants be severed into separate actions and that Roadget pay filing fees and post a minimum of $10,000 bond for each severed case and Defendant.

### III. Roadget's Response Concedes Its Failure to Allege Willful Infringement Sufficiently.

Roadget's Response attempts to save its willful infringement claim by arguing for a theory of reckless disregard (ECF No. 110 at 7-8). But "reckless disregard" still requires some knowledge of another's copyright rights, which Roadget has failed to allege. Indeed, the case cited by Roadget, *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, discusses "reckless disregard" in connection with notices of copyright infringement the defendant received from U.S. Customs. 18 F.3d 502, 512 (7th Cir. 1994). There are no such allegations in Roadget's Complaint against Defendants. Roadget then argues, without citation to any legal authority, that no knowledge (of any kind) of Roadget's rights on the part of Defendants is necessary to support a claim for willful infringement.

*See* ECF No. 110 at 8. This is not the law, and Roadget's boilerplate allegations of willfulness cannot be sustained under federal pleadings standards, necessitating dismissal or striking.

Roadget further claims that Defendants' use of "virtually identical" copies necessarily indicates willfulness. But this (also) is not the law. Showing willfulness requires the presence of some willfulness-indicative factors, such as removal of a watermark or business logo or accompanying trademark infringement. *See, e.g., Serio v. Skijor, USA, Inc.*, No. 23-cv-438, 2023 WL 8372894, at *4 (S.D.N.Y. Dec. 4, 2023) (rejecting "willful infringement" claim where "Defendant's website displayed an *identical* copy of the [copyrighted] Photograph" because plaintiff did not allege any willfulness-indicative factors beyond using the same work) (emphasis added). Roadget's Complaint is devoid of any allegations of "willfulness-indicative" factors and thus fails.[2]

## IV. Roadget's Response Fails to Save Its Claims for Statutory Damages and Attorney's Fees.

The parties do not disagree on the law—Roadget is not entitled to statutory damages and attorney's fees unless it pleads infringement commencing after the effective dates of registration for the copyrights asserted against Defendant Nos. 6 and 8. Roadget's Response concedes that it cannot so plead (in good faith).[3] To wit, Roadget's Response lists a number of "facts" contained in its Complaint, but absent from the list is any allegation that infringement began after the effective dates of registration (*i.e.*, during the 10-day time period between registration and the filing of the

---

[2] Roadget's reliance on *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 711 (9th Cir. 2010) is inapt because *Lanard Toys* involved much more than identical copying—including attempts to "conceal" the co-defendant's copying, subjective knowledge that its supplier was a "den of piracy," and proof that the defendant sent toy samples for copying without regard for any of the owner's trade dress or copyright rights.
[3] Roadget has conceded it cannot prove entitlement to statutory damages in related cases under like facts. *See, e.g.*, No. 24-cv-2536 at ECF No. 86 (amending complaint to drop claim for statutory damages attorney's fees); No. 24-cv-607 at ECF No. 113 at 5 (seeking only accused sales revenues in motion for default judgment)..

Complaint). *See* ECF No. 110 at 4. Instead, all that Roadget's Complaint alleges (based on Roadget's own Response) is infringement by Defendants and the registration dates of the asserted copyrights. *Id.* (citing ECF No. 10 at ¶ 16; ECF No. 8 at ¶ 13). The temporal component of 17 U.S.C. § 412(2) is nowhere to be found in the Complaint (or backfilled in Roadget's Response), and the remainder of Roadget's citations are directed to boilerplate assertions of willful infringement and an entitlement to statutory damages—which are legal conclusions that need not be accepted as true by the Court. *See, e.g., id.* (citing ECF No. 10 at 8 ¶ 16 (conclusory statement of willful infringement); ECF No. 8 at ¶ 26 (conclusory claim for statutory damages)).

Roadget's Complaint clearly fails to allege "facts" sufficient to support a "plausible" (not "merely possible") inference of entitlement to statutory damages and attorney's fees under 17 U.S.C. § 412(2), necessitating the dismissal or striking of these claims as to Defendant Nos. 6 and 8. *See Groupon Inc. v. MobGob LLC*, No. 10-cv-7456, 2011 WL 2111986, at *5 (N.D. Ill. May 25, 2011) (allegations must be "plausible" and not "merely possible" to benefit from "reasonable inference").

## V. **Conclusion.**

For these reasons, Defendant No. 2 respectfully requests dismissal under Rule 12(b)(2). Defendants respectfully request dismissal without prejudice or severance into separate actions. Defendants also respectfully request that the Court dismiss, or strike, Roadget's claims for enhanced statutory damages and Roadget's claim for statutory damages and attorneys' fees.

Dated: July 23, 2024                                  Respectfully submitted,

/s/ *William W. Flachsbart*
William W. Flachsbart
DUNLAP BENNETT & LUDWIG
333 N. Michigan Ave.; Suite 2700
Chicago, IL 60601
T: 312-551-9500
F: 312-551-9501
wflachsbart@dbllawyers.com

Christopher J. Fahy
ARCH & LAKE LLP
203 N. LaSalle St.; Suite 2100
Chicago, IL 60601
T: 312-558-1369
F: 312-614-1873
christopher@archlakelaw.com

Haoyi Chen
ARCH & LAKE LLP
2500 Wilcrest Dr.
Houston, TX 77042
T: 346-335-9870
F: 312-614-1873
haoyichen@archlakelaw.com

*Counsel for Defendants*