UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., | ) |
| Plaintiff, | ) |
| v. | ) No. 24 C 3139 |
| | ) Judge Sara L. Ellis |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff Roadget Business Pte. Ltd. ("Roadget") sued twenty-four entities listed in Schedule A of its complaint for copyright infringement of at least one of twenty-one different copyrighted images. Roadget has voluntarily dismissed Defendants No. 3 and 11, and the remaining Defendants have moved to dismiss Roadget's complaint or to sever themselves from this case.[1] Defendants No. 2, 6, and 8 also move to dismiss or strike Roadget's claims for enhanced statutory damages, statutory damages, and attorney's fees.

The Court grants Defendants' motions to dismiss as to Defendants No. 2, 4, and 20 for lack of personal jurisdiction. However, the Court denies Defendants No. 6's and 8's motion to dismiss or sever Roadget's damages claims, as Roadget's complaint plausibly alleges that they willfully infringed its copyrights and because those Defendants raise arguments that are not ripe for consideration at this stage.

---

[1] Defendants No. 1, 4, 5, 7, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24, and Defendants No. 2, 6, and 8 filed separate motions to dismiss. *See* Doc. 58 (majority defendants' motion to dismiss), Doc. 89 (Defendants No. 2, 6, and 8 motion to dismiss).

1

The Court also grants Defendants' motion to sever, finding that Roadget's claims against them do not arise from the same transaction, occurrence, or series of transactions or occurrences. The Court therefore dismisses Defendants No. 5 through 10, 12 through 19, and 21 through 24 without prejudice for improper joinder, leaving only Roadget's claims against Defendant 1 pending in this case.

## BACKGROUND[2]

Roadget, a company with its principal place of business in Singapore, owns SHEIN, an online fashion and lifestyle retailer. Roadget does business in the United States through its subsidiary, Shein Distribution Center. Roadget registered several designs for copyright, including the twenty-one at issue in this case, at various dates. It registered the works that it accuses Defendants No. 6 and 8 of infringing on April 8, 2024. *See* Doc. 10-3 at 2, Doc. 10-5 at 2.

On April 18, 2024, Roadget filed this case, suing twenty-four vendors—all of whom sell their products on Temu, an e-commerce platform—for violating at least one of Roadget's copyrights. Defendants are all entities who primarily reside in foreign jurisdictions. Roadget asserted that it had information that all Defendants target their business activities toward United States consumers, including those in Illinois. Defendants No. 2, 4, and 20 dispute Roadget's assertion. Declarations from executives of Defendants No. 2, 4, and 20 state that these Defendants have not made any sales of products containing Roadget's copyrighted images (the "Accused Products") in Illinois. Doc. 58-1 at 3–4 (Defendant No. 4 declaration); *id.* at 27–28 (Defendant No. 20 declaration); Doc. 92 at 3–8 (Defendant No. 2 declaration). Defendants No. 2

---

[2] In addressing personal jurisdiction, the Court is not limited to the pleadings. *See Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Therefore, the Court draws the facts from the complaint and the additional documents submitted by the parties. The Court resolves all factual conflicts and draws all reasonable inferences in Roadget's favor. *Id.* at 782–83.

and 20 separately admit to each making at least one sale of an accused product in California, and Defendant No. 4 admits to making at least one sale of an accused product in North Carolina.

On April 18, 2024, Roadget moved for a temporary restraining order ("TRO") against Defendants. The Court granted Roadget's motion on April 24, 2024, permitting Roadget to serve Defendants via email. Doc. 20 at 6. Roadget certified that it served Defendants using the email addresses that third parties provided Roadget for Defendants. Doc. 28 at 2. The Court converted the TRO into a preliminary injunction on May 13, 2024. Doc. 37.

## ANALYSIS

I. **Motion to Dismiss**

　A. **Personal Jurisdiction**

Defendants No. 2, 4, and 20 argue that this Court cannot exercise personal jurisdiction over them because they have not sold the Accused Products in Illinois. When a defendant raises a Rule 12(b)(2) challenge, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (citation omitted). If the Court rules on the Rule 12(b)(2) motion without an evidentiary hearing, as it does here, the plaintiff need only establish a prima facie case of personal jurisdiction. *Id*. at 392–93; *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). In resolving a Rule 12(b)(2) motion, the Court "accept[s] as true all well-pleaded facts alleged in the complaint," *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012), and "reads the complaint liberally with every inference drawn in favor of [the] plaintiff," *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009). However, if the defendant submits "evidence opposing the district court's exercise of personal jurisdiction, the plaintiff must similarly submit affirmative evidence supporting the court's exercise of jurisdiction." *Matlin v. Spin Master Corp.*, 921 F.3d

701, 705 (7th Cir. 2019). The Court "accept[s] as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff," *GCIU-Emp. Ret. Fund*, 565 F.3d at 1020 n.1, but resolves "any factual disputes in the [parties'] affidavits in favor of the plaintiff," *Felland*, 682 F.3d at 672.

In federal question cases, the Court may exercise personal jurisdiction over a defendant only if "federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assoc. of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). The Copyright Act does not authorize nationwide service of process, and so the Court may exercise jurisdiction over Defendants only if authorized both by the United States Constitution and Illinois law. *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1201 (7th Cir. 1997); *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 902 (N.D. Ill. 2015). The Illinois long-arm statute authorizes courts to exercise personal jurisdiction on any basis permitted by the Illinois and United States constitutions. *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (citing 735 Ill. Comp. Stat. 5/2-209(c)). This standard effectively merges the federal constitutional and state statutory inquiries. *N. Grain Mktg*, 743 F.3d at 492. Accordingly, a single inquiry into whether the United States Constitution permits jurisdiction suffices. *See, e.g.*, *Curry*, 949 F.3d at 393; *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 756–57 (7th Cir. 2010); *see also Wesly v. Nat'l Hemophilia Found.*, 2020 IL App (3d) 170569, ¶ 16 ("[I]t is generally true that, when federal due process concerns regarding personal jurisdiction are satisfied, so are Illinois due process concerns." (alteration in original) (citation omitted)).

The Due Process Clause of the United States Constitution permits a court to exercise jurisdiction when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial

4

justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Millikin v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts exist where "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017). And importantly, "the question of personal jurisdiction hinges on the defendant's—not the plaintiff's—contacts with the forum state." *North v. Ubiquity, Inc.*, 72 F.4th 221, 225 (7th Cir. 2023); *see also Purdue Rsch.*, 338 F.3d at 780 ("Notably, it must be the activity of the defendant that makes it amenable to jurisdiction, not the unilateral activity of the plaintiff or some other entity").

Personal jurisdiction may be either general or specific. *See Daimler AG v. Bauman*, 571 U.S. 117, 126–28 (2014); *Lexington Ins. Co. v. Hotai Ins. Co.*, 938 F.3d 874, 878 (7th Cir. 2019). Neither side argues that the Court can exert general jurisdiction over Defendants No. 2, 4, and 20, so the Court focuses on the specific jurisdiction analysis. Specific jurisdiction is "case-linked." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "[T]he suit must arise out of or relate to the defendant's contacts with the forum," meaning "there must be 'an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Id*. (quoting *Goodyear*, 564 U.S. at 919). Here, to establish minimum contacts that create specific personal jurisdiction, Defendants must have purposefully directed their activities at Illinois or purposefully availed themselves of the privilege of conducting business in Illinois, and Roadget's alleged injury must arise out of or relate to Defendants' forum-related activities. *See Rogers v. City of Hobart*, 996 F.3d 812, 819 (7th Cir. 2021).

5

Defendants No. 2, 4, and 20 submitted declarations confirming they have not sold, advertised, or promoted any Accused Product in Illinois. They also assert they do not have any business operations such as bank accounts, office facilities, employees, agents, or inventories in Illinois. While Roadget alleged in the complaint that it believed that all Defendants made sales in Illinois, in its response to the motion to dismiss, Roadget failed to present any evidence challenging Defendants No. 2, 4, and 20's declarations. Without any evidence of a connection to Illinois, then, the Court cannot exercise specific personal jurisdiction over Defendants No. 2, 4, and 20. *See Tavel v. Riddle*, No. 20 C 6805, 2021 WL 1121120, at *5 (N.D. Ill. Mar. 24, 2021) (granting motion to dismiss for lack of personal jurisdiction where the plaintiff failed to rebut the defendant's affidavit stating there was no connection between his Illinois contacts and the claim at issue).

However, Roadget asserts an additional basis for jurisdiction—Rule 4(k)(2). Rule 4(k)(2) provides courts with the right to exercise personal jurisdiction over "persons who do not reside in the United States, and have ample contacts with the nation as a whole, but whose contacts are so scattered among states that none of them would have jurisdiction." *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001), as amended (July 2, 2001). To establish jurisdiction under Rule 4(k)(2), the plaintiff must show: "(1) the plaintiff's claims [are] based on federal law; (2) no state could exercise jurisdiction over the defendants; (3) the exercise of jurisdiction [is] consistent with the laws of the United States; and (4) the exercise of jurisdiction [is] consistent with the Constitution." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000).

The parties do not dispute that federal law, namely the Copyright Act, underlies Roadget's claims. Defendants No. 2, 4, and 20 argue that Roadget cannot meet the requirement

that no state can exercise jurisdiction over them because they have identified California (Defendants No. 2 and 20) and North Carolina (Defendant No. 4) as states that could properly exercise jurisdiction. Indeed, the Seventh Circuit has explained that "[a] defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed." *ISI Int'l*, 256 F.3d at 552. Following this, courts have found that simply identifying another state is sufficient because doing so amounts to waiver of personal jurisdiction in that state. *See Hangzhou Chic Intelligent Tech. Co. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 20 C 4806, 2022 WL 2208827, at *2 (N.D. Ill. June 21, 2022) (holding that Rule 4(k)(2) did not allow the court to exercise jurisdiction over a defendant that conceded that it had sufficient minimum contacts with California when responding to the court's order for a statement regarding its corporate status); *God, Fam. & Country LLC v. Marcrest Mfg., Inc.*, No. 08 C 3140, 2009 WL 484964, at *3 (C.D. Ill. Feb. 25, 2009) (finding that Rule 4(k)(2) did not permit the court to exercise personal jurisdiction because the defendant named Michigan as a state where it agreed to be subject to personal jurisdiction). *But see MediaZam LLC v. Voices.com, Inc.*, No. 20 C 1381, 2022 WL 993570, at *13 (E.D. Wis. Mar. 31, 2022) (finding "the simple fact that [the defendant] has identified [another state] as an alternative forum" does not require dismissal when applying Federal Circuit law because the defendant must do more to show that it could have been sued in the alternate forum). Although Defendants No. 2 and 20 swear that they are subject to jurisdiction in California and Defendant No. 4 asserts that it is subject to jurisdiction in North Carolina because they have made sales of the Accused Products in these respective states, Roadget argues that these promises only lack weight without supporting sales data, citing to Federal Circuit caselaw. *See In re Stingray IP Sols., LLC*, 56 F.4th 1379, 1385 (Fed. Cir. 2023) (to avoid Rule 4(k)(2) nationwide jurisdictional reach a defendant must "identify[] a forum

where the plaintiff could have brought suit . . . at the time of filing, *regardless of consent*" (emphasis added)). But Seventh Circuit law controls in this Court, and it requires defendants "only to name some other state in which the suit could proceed." *ISI Int'l*, 256 F.3d at 552. Defendants No. 2, 4, and 20 have done so here, so Roadget's contentions notwithstanding, Rule 4(k)(2) does not allow the Court to exercise personal jurisdiction over them. *Id.*

B. **Roadget's Damages Claims**

Defendants No. 6 and 8 move under Rule 12(b)(6) to dismiss or strike Roadget's claims insofar as they request enhanced statutory damages, statutory damages, and attorney's fees. A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"A plaintiff may only request statutory damages, a willfulness finding, and attorney's fees for copyright infringement if the alleged infringement occurred after registration of the copyrights." *Nextpulse, LLC v. Life Fitness, LLC*, No. 22 C 3239, 2024 WL 1376213, at *4 (N.D. Ill. Mar. 31, 2024). Defendants No. 6 and 8 argue that Roadget's complaint does not

8

plausibly allege that they willfully infringed its copyrights, and that the timing of when Roadget registered its copyrights makes it implausible for them to have infringed the designs post-registration.

With respect to their first argument, the Court finds that Roadget's complaint plausibly alleges willful conduct. Roadget alleged that, "[b]y virtually exactly copying photographs and designs they knew they did not own, Defendants recklessly disregarded Roadget's rights as the copyright owner. Defendants' actions thus constitute willful copyright infringement." Doc. 10 ¶ 24. Although Defendants No. 6 and 8 decry this as conclusory pleading, the Court disagrees. It is reasonable to infer at this stage in the case that a party who deliberately copies a design does not do so by accident, and instead makes and sells the infringing product "willfully." *See, e.g.*, *Nextpulse*, 2024 WL 1376213, at *4 (willfulness plausibly alleged when plaintiff claimed defendant "unlawfully reproduced, distributed, publicly displayed, and/or created derivative works" of software product).

With respect to Defendants No. 6's and 8's second argument—that Roadget's registration of the relevant trademarks on April 8, 2024, makes it implausible that Defendants No. 6 and 8 sold goods after the registration date—the Court finds that it raises issues that are premature to resolve at this time. Although Defendants No. 6 and 8 submit affidavits that they listed and sold infringing products long before Roadget registered these copyrights, the Court cannot consider those materials in deciding an argument under Rule 12(b)(6). *See Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013) ("In general, a court may only consider the plaintiff's complaint when ruling on a Rule 12(b)(6) motion."). Should this case advance to the

9

point that Defendants No. 6 and 8 file a motion for summary judgment, they may raise this argument then.³

The Court denies Defendants No. 6's and 8's motion to dismiss or strike Roadget's claims for enhanced statutory damages, statutory damages, and attorney's fees.

## II.   Motion for Severance

In the alternative, Defendants have moved to sever Roadget's claims against them, insisting that Roadget improperly joined Defendants. Under Rule 20, a plaintiff may join multiple defendants in a single action if: (1) the claims against them are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) a "question of law or fact common to all defendants" exists. Fed. R. Civ. P. 20(a)(2)(A)–(B). When applying Rule 20, "[a] district judge necessarily has considerable discretion." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). However, this discretion is not unlimited as "[u]nrelated claims against different defendants belong in different suits." *Id.* "The remedy for misjoinder of otherwise proper claims is severance or dismissal without prejudice." *Id.*; *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

Claims against different defendants arise out of the same transaction or occurrence when "there is a logical relationship between them." *Tang v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 23 C 4587, 2024 WL 68332, at *1 (N.D. Ill. Jan. 4, 2024). "Such a relationship requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts." *Id.* For instance, a logical relationship between defendants exists where defendants are corporately related. *Hangzhou Chic*, 2021 WL 2690873,

---

³ To the extent that Defendants No. 6 and 8 ask the Court to strike these allegations under Rule 12(f), the Court declines to do so for the same reasons it denies their motion to dismiss under Rule 12(b)(6).

10

at *1.  Here, Defendants No. 18 and 22 share common ownership, so their joinder in the same case is proper on this basis.  *Id.*

Roadget's allegations fall short in establishing a logical relationship among the remaining Defendants.  Roadget asserts that Defendants all participated in the same mass infringement of one of Roadget's twenty-one copyrights by selling products on the same online platform, Temu.  Courts in this district generally agree that alleging that multiple defendants have infringed on the same copyright in the same way does not create the substantial evidentiary overlap required to find a similar transaction or occurrence.  *See Tang*, 2024 WL 68332, at *2 ("Essentially, Plaintiff's complaint boils down to a claim that the defendants infringed on his design patent in the same way.  That is not sufficient to link one defendant's infringement to another as part of the same transaction, occurrence, or series of transactions or occurrences."); *Art Ask Agency*, 2021 WL 5493226, at *2 (finding that defendants' use of the same domain name registration patterns, unique shopping chart platforms, or similar hosting services does not show that a logical relationship exists among defendants); *Rudd v. Lux Prod. Corp. Emerson Climate Techs. Braeburn Sys., LLC*, No. 09 C 6957, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) ("Simply alleging that Defendants manufacture or sell similar products does not support joinder under Rule 20.").  This is especially true here because "not all the defendants used and sold the same [copyrighted] images."  *H-D U.S.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21 C 1041, 2021 WL 780486, at *3 (N.D. Ill. Mar. 1, 2021).

Where courts in this district have found joinder of multiple defendants in copyright or trademark cases appropriate, the plaintiffs in those cases provided more evidence tying the defendants together than what Roadget has presented.  For example, in *Bose Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, the court permitted

11

joinder of seventeen defendants alleged to have infringed on Bose's trademark by selling counterfeit versions of its products based on a theory that Bose's harm arose because defendants acted as a "swarm" of counterfeiters, aided by their anonymity and the mass reach afforded by the internet. 334 F.R.D. 511, 516 (N.D. Ill. 2020). The *Bose* court relied on testimony about the difficulty of prosecuting defendants given that many manufacturers are "small-time operations, sometimes operating out of apartments," which "continue to simply pop up somewhere else" if they are ultimately tracked. *Id.* at 517; *see also Tang*, 2024 WL 68332, at *3 (distinguishing *Bose* because in *Bose*, the "essence of the dispute" was infringement en masse, not "instances of infringement by distinct competitors."). Further, the *Bose* court also acknowledged that practical considerations, including that "[p]robably none of the Defendants would ever make an appearance in this case and the default judgment process will determine the case's outcome in its entirety," supported keeping the defendants together. *Bose*, 334 F.R.D. at 517. However, if the defendants appeared—as they did here—the court noted that it could "on its own sever[] parties at any point in a case if joinder proves to be unfair." *Id.*

Relying on *Bose*, Roadget argues that Defendants constitute a "swarm" of infringers, meaning that joinder is proper in this case. *See* Doc. 103 at 13. Roadget directs much of its fire against Temu, the platform on which Defendants sold the allegedly infringing products, claiming that it provides Defendants with a "degree of coordination [] unlike other online e-commerce websites." *Id.* at 14.[4] Roadget also targets Defendants' near-unanimous choice of counsel and their boilerplate declarations as evidence that the individual defendants in this case present a coordinated swarm.

---

[4] Although Roadget attempts to support this coordination argument with an email from a settlement consultant, the Court agrees with the First Movants that the statements contained within the document constitute hearsay and must be excluded. *See* Fed. R. Civ. P. 802 (hearsay is inadmissible unless an exception provides).

12

But these contentions ring hollow, primarily because Roadget does not provide an answer for why it is proper to join twenty-four individual companies for allegedly infringing twenty-one different copyrights in the same case. Roadget's complaint here is that many different defendants sold many different products that infringed on many different designs. Instead of being a "swarm" of infringers, Defendants here appear to largely fly solo. At most, the link between them is that they all sold their products on Temu—but no admissible evidence implicates the platform in a grand coordination conspiracy among Defendants. Roadget's argument would be much stronger if it identified twenty-four defendants who each sold products infringing on the same copyright, or if it presented admissible evidence that Temu acted as the wizard behind the curtain, directing the individual defendants' conduct. Without a more central copyright at issue or a weightier coordination case against the platform, the Court cannot find that Defendants here acted as a "swarm" that makes joinder proper. *Cf. Tang*, 2024 WL 68332, at *2 ("Plaintiff's complaint boils down to a claim that the defendants infringed on his design patent[s] in the same way.").

Without any valid basis to find that the claims against Defendants arise from the same transaction, occurrence, or series of transactions or occurrences, the Court finds that Roadget improperly joined Defendants in one lawsuit under Rule 20(a)(2). Instead of dismissing the improperly joined Defendants from this case, Roadget asks the Court to sever them into separate cases to preserve the extant preliminary injunction. However, doing so would allow Roadget to obtain a windfall by dodging filing fees in eighteen cases that it should have brought separately against the vendors that it improperly joined here. Accordingly, the Court dismisses Defendants

No. 5 through 10, 12 through 19, and 21 through 24 without prejudice for improper joinder.[5] *See Tang*, 2024 WL 68332, at *3 (dismissing without prejudice the improperly joined defendants).

## CONCLUSION

The Court grants in part and denies in part Defendants' motions to dismiss and to sever [58, 88]. The Court dismisses Defendants No. 2, 4, and 20 for lack of personal jurisdiction. The Court dismisses Defendants No. 5 through 10, 12 through 19, and 21 through 24 without prejudice for improper joinder.

Dated: September 9, 2024

_____
SARA L. ELLIS
United States District Judge

---

[5] The Court does not need to sever Defendants No. 2, 4, or 20 because it dismissed those Defendants for lack of personal jurisdiction.